UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH FITZPATRICK,

       Plaintiff,                               Case No. 10-10309
                                                HON. BERNARD A. FRIEDMAN
vs.                                             MAG. JUDGE MARK A. RANDON

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE DECISION OF THE COMMISSIONER**

**I.    Introduction**

This matter is before the Court on Magistrate Judge Mark A. Randon's December 23, 2010, Report and Recommendation ("R & R"). Magistrate Judge Randon recommended that the Court grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment. No objections to the R and R were filed. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate. Accordingly, the Court will adopt the Magistrate Judge's factual record, contained in the R&R at pages 2 through 3.

**II.     Analysis**

Plaintiff seeks judicial review of the Commissioner's decision denying Plaintiff's claim for Social Security Disability and Supplemental Security Income benefits. This matter is before the Court on cross motions for summary judgment.

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

Plaintiff filed the instant claim on January 12, 2006, which was initially disapproved by the Commissioner on August 8, 2006. Plaintiff requested a hearing and on August 7, 2008, Plaintiff appeared without counsel before the Administrative Law Judge ("ALJ"). In a decision dated March 20, 2009, the ALJ found that Plaintiff was not disabled. Plaintiff requested a review, which the Appeals Council denied.

The ALJ applied the five step disability analysis to Plaintiff's claim, and determined

Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain enumerated restrictions.

Plaintiff makes three challenges on appeal: 1) that the ALJ's RFC finding did not accommodate the functional limitations resulting from Plaintiff's obesity and vision problems; 2) that the ALJ did not adequately develop the record; and 3) that the ALJ did not properly assist Plaintiff, who was proceeding *pro se*, in presenting his case.

As outlined in the R and R, Plaintiff's arguments are without merit.  First, the ALJ clearly addressed Plaintiff's functional limitation, and accommodated them to the extent that he found them to be supported by the objective medical evidence of record.  The ALJ was not required to prepare a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record.  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).  Here, so long as the ALJ addressed Plaintiff's functional limitations, then he need not provide analysis for those presented by Plaintiff that he found were without merit.

Second, the ALJ clearly recognized Plaintiff's obesity and vision problems, and Plaintiff's arguments to the contrary are unsupported.  The ALJ clearly restricted Plaintiff from certain activities as a result of both his obesity and his vision problems.  This argument is similarly without merit.

Finally, Plaintiff's argument that the ALJ did not properly assist Plaintiff in presenting his case is unpersuasive.  Plaintiff carries the burden of establishing disability, and Plaintiff is correct in noting that ALJs sometimes have an increased responsibility to develop the record when considering a *pro se* claimant.  However, the ALJ's special, heightened duty to help a *pro se* plaintiff develop the record only exists under special circumstances- 1) when a claimant is

3

without counsel; 2) incapable of presenting an effective case; and 3) unfamiliar with hearing procedures.  Lashley v. Sec'y of Health and Hum. Seerv's., 708 F.2d 1048, 1051-51 (6th Cir. 1983).  Such circumstances do not exist in this case.  While Plaintiff proceeded without counsel, the hearing transcript discloses that he understood the proceedings and presented a thought-out case to the ALJ.  The ALJ thoroughly questioned Plaintiff about his abilities and education, including two years at the National Institute of Technology, past relevant work in computer design, and his impairments. Further, the ALJ gave Plaintiff time before and after the hearing to review his file.  Plaintiff has not demonstrated any reason why he was entitled to greater assistance from the ALJ, other than his decision to proceed *pro se*, which in itself is not sufficient.

**III.** **Order**

Accordingly, for the reasons stated herein,

IT IS ORDERED that Magistrate Judge Randon's Report and Recommendation, dated December 23, 2010, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the findings of the Commissioner be AFFIRMED.


Dated: January 21, 2011              _s/Bernard A. Friedman_____
       Detroit, Michigan             BERNARD A. FRIEDMAN
                                     UNITED STATES DISTRICT JUDGE